JUSTICE GRAY
dissenting.
I respectfully dissent from the Court’s opinion. While I understand the frustration of both the District Court and this Court over the *161 pleadings at issue here, I cannot agree that dismissal with prejudice is appropriate. In particular, it is my view that the Court overstates when it characterizes as “repeated” appellants’failure to plead in conformity with the Montana Rules of Civil Procedure; the record is clear that one repleading occurred prior to dismissal. Because I believe that a fair reading of the record and the amended complaint reflects that appellants’ counsel made a good faith effort to comply, I conclude that the District Court abused its discretion in dismissing the amended complaint at issue here with prejudice pursuant to Rule 41(b).
This action arises out of an underlying suit by Duane Schnittgen, a defendant herein, against Karl and Ruth Nystrom, plaintiffs/appellants herein. It is predicated on the defendants’ conduct in initiating and prosecuting the previous litigation against the Nystroms.
The Nystroms’ original complaint was filed on September 11,1991, and contained “Doe” defendants. Prior to any responsive pleading, the Nystroms filed an amended complaint. The 28-page complaint was captioned “Amended Complaint and Jury Demand for Intentional Malicious Fraudulent Prosecution, Intentional Abuse of Process, and Unlawful Intentional Infliction of Emotional Distress.” It contained 76 numbered allegations by both Nystroms jointly, followed by a prayer for relief. No separate claims or counts were provided.
Defendant Robert C. Melcher moved to strike “superfluous allegations” in the amended complaint or, in the alternative, to order the Nystroms to submit a more definite statement. The other defendants joined in the motion. While it is clear from their supporting brief that the defendants were concerned with the tone and tenor of the amended complaint, the defendants clearly and repeatedly expressed concerns that the complaint was vague and ambiguous in that it “does not segregate or specify the purported claims by individual, corresponding counts.” In essence, the defendants could not ascertain which allegations were urged in support of which theory set forth in the caption of the complaint. The motion also related to the verbosity and redundancy in the pleading.
The District Court granted the defendants’ motion to strike, allowing the Nystroms 30 days to replead “strictly observing the requirements of Rule 8(a) and 8(e)(1), as well as the mandates of Rule 12, M.R.Civ.P.” No further direction or specification to the rules was provided.
In response to the court’s order, the Nystroms timely filed a second amended complaint. The 43-page complaint set forth a total of thirteen separate counts covering the two plaintiffs and the seven named *162 defendants: four counts by Ruth Nystrom against Schnittgen, four counts by Karl Nystrom against Schnittgen, two counts by both Nystroms against the other named defendants except Melcher; and three counts by both Nystroms against Melcher individually. The prayer for relief also was separately stated by plaintiff, defendant and count.
The defendants responded to this amended complaint by filing a motion to dismiss pursuant to Rule 41(b) for failure to plead in conformity with the Montana Rules of Civil Procedure and as ordered by the court. The thrust of the motion was the rambling, invective nature of the amended complaint; the defendants asserted that the complaint was not the “short and plain statement” of claim or the “simple, concise, and direct” averment of pleading required by Rules 8(a) and 8(3)(1) and the court’s earlier order. The District Court dismissed the complaint in its entirety with prejudice, based primarily on the Rule 8 requirements of precision, clarity and brevity and the Rule 12 requirements that pleadings not be ambiguous and be free of impertinent and scandalous matter.
As stated above, both the District Court and this Court are understandably frustrated by the length and rambling nature of the amended complaint. However, I cannot agree that the complaint should be dismissed with prejudice. A careful reading of (1) the original motion to strike or for a more definite statement; (2) the District Court’s order to replead; and (3) the amended complaint, suggests to me that appellants made a good faith effort to comply with the court’s order and the thrust of the defendants’ first motion. Because there are two appellants and seven named, defendants, the restructuring into separate counts by plaintiff and defendant necessarily resulted in a lengthier amended complaint. Thus, while the amended complaint was lengthier than would have been necessary had counsel dropped his unfortunate habit of tedious and repetitive adjectival phrases or simply incorporated allegations by reference in later counts, I cannot conclude that — under these circumstances — length alone is an appropriate basis for a result as severe as dismissal with prejudice. To my knowledge, we have set no page limit for complaints involving nine separate parties and thirteen separate counts. On the basis of this record, the amended pleading reflects a sufficient good faith effort to avoid the harsh and final remedy of dismissal with prejudice.
Landauer, on which the Court relies, is inapposite on both the law and the facts. First, it involved Rule 37(b), rather than 41(b); it was *163 a discovery abuse case. Landauer, 732 P.2d at 840. Second, the plaintiff’s actions in Landauer, which supported the dismissal sanction for discovery abuses, were much more egregious than those of appellants here. There, counsel was dilatory in filing his client’s discovery and twice failed to obey the clear mandates of court orders to produce tax returns. Landauer, 732 P.2d at 841. Here, appellants were never dilatory; in addition, the court’s order was nowhere near as clear as the disobeyed mandates in Landauer. Thus the “attitude of unresponsiveness” present in Landauer simply does not appear here.
Nor are Sovey and Dassori persuasive precedent. Here, unlike in Sovey, appellants did not refile essentially the same complaint; they laboriously separated each claim against each named defendant in response to the defendants’ complaint that they did not “segregate or specify the purported claims by individual, corresponding counts.” Their reward for this effort to meet the defendants’ concerns is dismissal with prejudice. In this same regard, a fair reading of the record does not result in a conclusion that the appellants “callously disregard[ed] the rights of their opponents,” as the Court suggests by its reliance on Dassori.
I agree that the amended pleading is far less than the ideal. I also agree that this counsel’s vituperative tone and approach does not exemplify the ideals of practice by members of the legal profession in Montana. I cannot agree, however, that dismissal with prejudice — which results in a total inability of the Nystroms to have their dispute considered by the courts of Montana — was appropriate here. I would reverse the District Court.
JUSTICES TRIEWEILER and NELSON concur in the foregoing dissent.